**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Ralph Dupps, Jr., ) | Civil Action No. 9:09-cv-2396-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER GRANTING MOTION TO** |
| ) | **QUASH NON-PARTY SUBPOENA** |
| Underwriters at Lloyd's London ) | |
| and BB&T Insurance Services, Inc. ) | |
| f/k/a Carswell of Carolina, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Mary E. Sharp, Esquire, of the of the Beaufort law firm Griffith, Sadler & Sharp, P.A. ("Sharp"), was hired by Travelers and AIG to represented the plaintiff, Ralph Dupps, Jr. ("Dupps") in a civil action filed in state court titled Klippel v. Dupps, 2007-CP-07-3799. Sharp does not represent Dupps in the above-captioned federal court action and is not a party to this action.

On May 19, 2010, the attorney for the defendant, BB&T Insurance Services, Inc. ("BB&T"), served Sharp with a subpoena duces tecum which commands Sharp to produce her entire correspondence file relating to the state court proceedings in Klippel v. Dupps, including all paper correspondence and emails to and from Travelers, AIG, Ralph and Ellen Dupps, or opposing counsel. Sharp was to produce these documents on or before Wednesday, June 2, 2010 at 9:00 a.m. at BB&T's attorney's office, which is located in Greenville, South Carolina.

On May 28, 2010, Sharp filed an objection and motion to quash the non-party subpoena, arguing: (1) the requested documents were subject to the attorney-client and/or work product

privilege; (2) BB&T had not demonstrated a compelling need for the documents that would outweigh Sharp's burden of producing the documents; (3) Sharp would be unduly burdened by having to use attorney time to locate and copy several hundred pages of documents, which were generated over the course of several years; and (4) some of the documents could be obtained from Dupps through use of the discovery process in the present case. In the alternative, if this Court were to order Sharp to locate and produce any or all of the documents, Sharp requested that the Court enter a protective order limiting the scope of discovery and requiring BB&T to advance to Sharp the attorney's fees and costs she has incurred, as well as those that will be incurred, as a result of having to locating and producing the documents. Finally, Sharp sought to have this Court conduct an in camera review of any documents she located, and decide which documents, or parts of documents, should be released to BB&T.

Leaving aside, for a moment, the merits of Sharp's arguments, the Court must quash BB&T's subpoena because it violates Fed. R. Civ. P. 45(c)(3)(A)(ii). That subpart requires that the Court must, on timely motion, quash or modify a subpoena that "requires a person who is neither a party nor party's officer to travel more than 100 miles from where that party resides, is employed, or regularly transacts business in person." The Court takes judicial notice of the fact

that the distance from Beaufort to Greenville is 220 miles.[1]  Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(ii), the Court hereby orders that the subpoena be quashed.[2]

    **AND IT IS SO ORDERED.**

                                          **C. WESTON HOUCK**
                                          **UNITED STATES DISTRICT JUDGE**

June 1, 2010
Charleston, South Carolina

---

[1] http://www.sciway.net/maps/sc-mileage-calculator.html.  The Court may take judicial notice "of a fact which is not subject to reasonable dispute and which is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"  Gibbes v. Rose Hill Plantation Dev. Co., 794 F.Supp. 1327, 1339 (D.S.C. 1992) (quoting Fed. R. Evid. 201).

[2] Having so held, the Court does not reach the merits of Sharp's arguments today. BB&T is ordered to file a response to Sharp's motion (Docket # 30) to quash within 15 days and the Court will then consider the merits of Sharp's argument.